**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 3SHAPE A/S, ) | |
| *Plaintiff,* ) | |
| v. ) | C.A. No. _____ |
| ) | |
| ALIGN TECHNOLOGY, INC., ) | JURY TRIAL DEMANDED |
| *Defendant.* ) | |
| ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 3Shape A/S ("Plaintiff" or "3Shape"), by and through its undersigned counsel, for its complaint against Defendant Align Technology, Inc. ("Defendant" or "Align"), hereby alleges and states the following:

## PARTIES

1.      Plaintiff 3Shape is a Danish corporation with a principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

2.      Plaintiff is the owner by assignment of the entire right, title and interest in and to U.S. Patent No. 9,962,244 ("the '244 patent") entitled "Focus Scanning Apparatus Recording Color," a copy of which is attached hereto as Exhibit A.

3.      Upon information and belief, Defendant Align Technology, Inc. is a United States corporation organized and existing under the laws of Delaware, with a principal place of business at 2820 Orchard Parkway, San Jose, California 95134.

4.      Upon information and belief, Defendant makes, uses, sells and offers for sale in the United States and/or imports into the United States a product called "iTero Element Scanner" that embodies a focus scanner.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, § 100 *et seq.*

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Defendant because it has, directly or through its agents and/or intermediaries, committed acts within Delaware giving rise to this action and/or Defendant has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

8.     Upon information and belief, Defendant regularly conducts business in Delaware, and purposefully avails itself of the privileges of conducting business in Delaware.  In particular, upon information and belief, Defendant and/or its agents and/or intermediaries, make, use, import, offer for sale, sell and/or advertise their products and affiliated services in Delaware, including the iTero Element Scanner product, sufficient to give rise to jurisdiction.

9.     Defendant has also purposely availed itself of the courts of this venue, having brought actions against Plaintiff in the federal courts of the District of Delaware, including the pending 17-cv-1646, -1647, -1648, and -1649 actions.  The use of the courts of this jurisdiction is sufficient to give rise to jurisdiction over Align.

10.     Upon information and belief, and as further described herein, Defendant has infringed and continues to infringe and/or contributorily infringe the '244 patent in Delaware, which has led to foreseeable harm and injury to Plaintiff.  Upon information and belief, Defendant derives substantial revenue from the sale of infringing products distributed within Delaware and/or expects or should reasonably expect its actions to have consequences in

Delaware.  In addition, upon information and belief, Defendant knowingly induces, and continues to knowingly induce, infringement of the '244 patent within Delaware by offering for sale, selling, and/or contracting with others to market infringing products with the intent to facilitate infringing use of the products by others within Delaware and by creating and/or disseminating product information and other materials providing instruction for infringing use.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and/or (d), and 28 U.S.C. § 1400(b).

## THE '244 PATENT AND ALIGN'S INFRINGEMENT

12.     The '244 patent was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on May 8, 2018 to listed inventors Bo Esbech, Christian Romer Rosberg, Mike van der Poel, Rasmus Kjaer, Michael Vinther, and Karl-Josef Hollenbeck.

13.     Evidence of the assignment of the '244 patent to 3Shape is recorded with the USPTO at Reel/Frame 037689/0346.  Plaintiff is listed on the face of the '244 patent as assignee.

14.     The '244 patent is entitled "Focus Scanning Apparatus Recording Color" and is directed to a focus scanner for recording surface geometry and surface color of an object.

15.     3Shape sells an industry-leading intraoral scanner under the name TRIOS®.  The TRIOS® system incorporates embodiments of the patented technologies of the '244 patent.

16.     Defendant is a competitor of 3Shape in the field of intraoral scanners.

17.     Defendant makes, uses, offers to sell, sells, imports, promotes and/or demonstrates versions of its iTero Element Scanner product, including the wand, cart, and/or related software, and other related products ("Accused Products") in the United States.

18.     Defendant has been and is now directly infringing, literally and/or under the doctrine of equivalents, and/or indirectly infringing, at least claim 1 of the '244 patent.

19.     Defendant's iTero Element Scanner product is a focus scanner for recording surface geometry and surface color of an object.

20.     Upon information and belief, the iTero Element Scanner comprises a multichromatic light source configured for providing a multichromatic probe light for illumination of an object and a color image sensor comprising an array of image sensor pixels for capturing one or more 2D images of light received from said object.

21.     Upon information and belief, the iTero Element Scanner is configured to operate by translating a focus plane along an optical axis of the focus scanner and capturing a series of 2D images, each 2D image of the series being at a different focus plane position such that the series of captured 2D images forms a stack of 2D images.

22.     Upon information and belief, the  iTero Element Scanner comprises a data processing system configured to derive surface geometry information for a block of said image sensor pixels from the 2D images in the stack of 2D images captured by said color image sensor.

23.     Upon information and belief, the data processing system of the iTero Element Scanner is also configured to derive surface color information for the block of said image sensor pixels from at least one of the 2D images used to derive the surface geometry information.

24.     Upon information and belief, the data processing system of the iTero Element Scanner is configured to combine a number of subscans to generate a digital 3D representation of the object, and determine object color of a least one point of the generated digital 3D representation of the object from sub-scan color of the sub-scans combined to generate the digital 3D representation, such that the digital 3D representation expresses both geometry and color profile of the object, wherein determining the object color comprises computing a weighted average of subscan color values derived for corresponding points in overlapping sub-scans at that

4

point of the object surface.

25.     These features of the iTero Element Scanner in paragraphs 19 to 24 above correspond to those recited and claimed in at least claim 1 of the '244 patent.

26.     For example, upon information and belief, Defendant describes its iTero Element Scanner product on an online webpage entitled "Products | iTero Intraoral Scanner," a copy of which is attached hereto as Exhibit B.  The webpage contains text and an image describing and showing the iTero Element Scanner product and that it embodies the focus scanner recited in at least of claim 1 of the '244 patent. *See* Products | iTero Intraoral Scanner (2016), http://www.itero.com/en-us/products/itero_element (last visited May 4, 2018) (the "Products | iTero Intraoral Scanner" webpage).  The "Products | iTero Intraoral Scanner" webpage illustrates that a focus scanner is configured for recording surface geometry and surface color of an object, as recited in claim 1 of the '244 patent. *See* the "Products | iTero Intraoral Scanner" webpage ("Color scanning gives you a significant leap forward in visualization. The color sensor is integrated in the iTero Element scanner, and the patented dual-aperture lens system is designed to simultaneously capture 2D images in color with highly accurate 3D laser scanning."). Next to the above-cited text is the following image, illustrating aspects of a scanned image showing surface geometry and surface color of an object:



In addition, upon information and belief, Defendant illustrated the "Products | iTero Intraoral Scanner" webpage with the following image:



The image shows that the iTero Element Scanner product comprises a multichromatic light source configured for providing a multichromatic probe light for illumination of the object, as recited in claim 1 of the '244 patent. This image shows a white light source, in particular a white LED (*i.e.,* a multichromatic light source) which, via a probe, illuminates the teeth (*i.e.*, the object).

27.    In addition, upon information and belief, Defendant described the iTero Element Scanner as a product that comprises a color image sensor comprising an array of image sensor pixels for capturing one or more 2D images of light received from said object. *See* the "Products | iTero Intraoral Scanner" webpage ("Color scanning gives you a significant leap forward in visualization. The color sensor is integrated in the iTero Element scanner, and the patented dual-aperture lens system is designed to simultaneously capture 2D images in color with highly accurate 3D laser scanning. Color scanning can make it easier to distinguish between gingival and tooth structures for a more precise clinical evaluation.").

28.    Upon information and belief, Defendant describes the iTero Element Scanner product as having a color image sensor in a press release entitled "Align Technology Announces Next Generation iTero(R) Element(TM) Intraoral Scanner," a copy of which is attached hereto as

Exhibit C. *See* Align Technology Announces Next Generation iTero(R) Element(TM) Intraoral Scanner (2015), http://investor.aligntech.com/releasedetail.cfm?ReleaseID=900449 (last visited May 4, 2018) (the "Align Technology Announces Next Generation iTero(R) Element(TM) Intraoral Scanner" webpage) ("The new image sensor is engineered to enable 20X faster scan speed with color scanning to easily distinguish between gingival and dental tissue for more precise clinical evaluation.").

29.     In addition, upon information and belief, Defendant in the "Products | iTero Intraoral Scanner" webpage describes that the iTero Element Scanner product is configured to translate a focus plane along an optical axis of the focus scanner and capture a series of the 2D images, each 2D image of the series is at a different focus plane position such that the series of captured 2D images forms a stack of 2D images. *See* the "Products | iTero Intraoral Scanner" webpage ("Continuous scanning design lets you scan in motion. The software automatically detects and repositions scanning start and stop points when you move to a new scanning position within the scanned segment. And while you are scanning, the iTero Element scanner is engineered to simultaneously process the scan. It automatically stitches together images for rendering in the correct order, adapts to changes in positioning, and detects and removes soft tissue. Capture everything and view exactly what you need to see.").

30.     Upon information and belief, the "Products | iTero Intraoral Scanner" webpage contains text describing that the iTero Element Scanner product comprises a data processing system. *See* the "Products | iTero Intraoral Scanner" webpage ("And while you are scanning, the iTero Element scanner is engineered to simultaneously process the scan."). Because the iTero Element scanner processes the scan, it comprises a data processing system.

31.     Upon information and belief, the "Products | iTero Intraoral Scanner" webpage

states that the data processing system of the iTero Element Scanner product is configured to derive surface geometry information for a block of said image sensor pixels from the 2D images in the stack of 2D images captured by said color image sensor, the data processing system also configured to derive surface color information for the block of said image sensor pixels from at least one of the 2D images used to derive the surface geometry information, as recited in claim 1 of the '244 patent. *See* the "Products | iTero Intraoral Scanner" webpage ("And while you are scanning, the iTero Element scanner is engineered to simultaneously process the scan. It automatically stitches together images for rendering in the correct order, adapts to changes in positioning, and detects and removes soft tissue. Capture everything and view exactly what you need to see. . . . Color scanning gives you a significant leap forward in visualization. The color sensor is integrated in the iTero Element scanner, and the patented dual-aperture lens system is designed to simultaneously capture 2D images in color with highly accurate 3D laser scanning. Color scanning can make it easier to distinguish between gingival and tooth structures for a more precise clinical evaluation.").

32.     Upon information and belief, the "Products | iTero Intraoral Scanner" webpage describes the data processing system of the iTero Element Scanner product as further configured to combine a number of subscans to generate a digital 3D representation of the object, and determine object color of a least one point of the generated digital 3D representation of the object from sub-scan color of the sub-scans combined to generate the digital 3D representation, such that the digital 3D representation expresses both geometry and color profile of the object, as recited in claim 1 of the '244 patent. *See* the "Products | iTero Intraoral Scanner" webpage ("And while you are scanning, the iTero Element scanner is engineered to simultaneously process the scan. It automatically stitches together images for rendering in the correct order, adapts to

changes in positioning, and detects and removes soft tissue. Capture everything and view exactly what you need to see.").  Next to the above-cited text is the following image, illustrating aspects of a rendered image:



33.     Upon information and belief, Defendant describes, in the "Products | iTero Intraoral Scanner" webpage, the iTero Element Scanner product wherein determining the object color comprises computing a weighted average of subscan color values derived for corresponding points in overlapping sub-scans at that point of the object surface, as recited in claim 1 of the '244 patent. See the "Products | iTero Intraoral Scanner" webpage ("And while you are scanning, the iTero Element scanner is engineered to simultaneously process the scan. It automatically stitches together images for rendering in the correct order, adapts to changes in positioning, and detects and removes soft tissue. Capture everything and view exactly what you need to see."). Stitching of images as described on the "Products | iTero Intraoral Scanner" webpage, upon information and belief, relies on averaging overlapping sub-scans.

34.     Upon information and belief, Defendant has sold and/or offered for sale its iTero Element Scanner product in the United States at trade shows in Chicago, IL, New York, NY and Detroit, MI. The "Align Technology Announces Next Generation Itero(R) Element(TM) Intraoral Scanner" webpage is further evidence of Defendant's sale and/or offer for sale of the

iTero Element Scanner product in the United States. Defendant thus directly infringes, literally and/or under the doctrine of equivalents, and/or indirectly infringes, at least claim 1 of the '244 patent.

## COUNT 1:   DIRECT INFRINGEMENT

35.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1.-34.

36.    Defendant directly infringes, literally and/or under the doctrine of equivalents at least claim 1 of the '244 patent.

37.    Align possesses knowledge of, and is aware of, the '244 patent.

38.    On information and belief, Defendant intends to, and continues to intend to, directly infringe the '244 patent through the sale of the Accused Products.

39.    On information and belief, Defendant knew or should have known of the '244 patent and its infringement of the '244 patent, and has acted and continues to act, in an egregious and wanton manner by infringing the '244 patent.

40.    On information and belief, despite knowing that its actions constituted infringement of the '244 patent and/or despite knowing that there was a high likelihood that its actions constituted infringement of the patent, Defendant nevertheless continued its infringing actions, and continues to make, use, and sell, the Accused Products.

41.    Align's acts of infringement have injured and damaged 3Shape and will continue to injure and damage 3Shape.

42.    Align's action have caused 3Shape to suffer irreparable harm resulting from the loss of its lawful patent rights and the loss of its ability to exclude others from the market.  Upon information and belief, Align will continue these infringing acts unless enjoined by this court.

## COUNT 2:   INDIRECT INFRINGEMENT BY INDUCEMENT

43.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 42 above

as if fully set forth herein.

44.     Defendant is liable for inducing infringement of the '244 patent under 35 U.S.C. §271(b) by having knowledge of the '244 patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the '244 patent, with specific intent, by its customers.

45.     Specifically, Defendant actively induces infringement of the '244 patent by, *inter alia*, training its customers on the use of the Accused Products and/or promotion, sales, and/or importation of the Accused Products including the infringing iTero Element Scanner product to Defendant's customers including, but not limited to, resellers and end users for their use of the focus scanner claimed in the '244 patent.

46.     Defendant's customers for the Accused Products directly infringe the '244 patent by making, using, selling, offering for sale, and/or importing the iTero Element Scanner product.

47.     For example, Defendant actively induces infringement of the '244 patent, because Defendant has knowledge that end users of Defendant's iTero Element Scanner product including, but not limited to, dentists and technicians, use Defendant's infringing iTero Element Scanner product in the United States, and because Defendant encourages such acts resulting in direct patent infringement, by, *inter alia*, training, promotion, sales, and/or importation of the infringing iTero Element Scanner product to Defendant's customers including, but not limited to, resellers and end users for their use of the focus scanner claimed in the '244 patent.

48.     On information and belief, Defendant intends to, and continues to intend to, indirectly infringe the '244 patent through inducement of the sale and use of the Accused Products.

49.     On information and belief, Defendant knew or should have known of the '244

patent and has acted, and continues to act, in an egregious and wanton manner by infringing the '244 patent.

50.     On information and belief, despite knowing that its actions constituted inducement infringement of the '244 patent and/or despite knowing that there was a high likelihood that its actions constituted inducement infringement of the patent, Defendant nevertheless continued its infringing actions, and continues to make, use, and sell, the Accused Products.

51.     Align's acts of infringement have injured and damaged 3Shape and will continue to injure and damage 3Shape.

52.     Align's action have caused 3Shape to suffer irreparable harm resulting from the loss of its lawful patent rights and the loss of its ability to exclude others from the market.  Upon information and belief, Align will continue these infringing acts unless enjoined by this court.

**COUNT 3:   INDIRECT INFRINGEMENT BY CONTRIBUTORY INFRINGEMENT**

53.     3Shape repeats and realleges paragraphs 1 to 52 as if fully set forth herein.

54.     Defendant is liable for contributory infringement of the '244 patent under 35 U.S.C §271(c) by having sold or offered to sell, and continuing to sell or offer for sale the iTero Element Scanner product within the United States and/or by importing the iTero Element Scanner product into the United States because the iTero Element Scanner product constitutes a material part of the invention embodied in the '244 patent, which Defendant knows to be especially made and/or especially adapted for use in infringement of the '244 patent, and which is not a staple article or commodity of commerce suitable for substantial non-infringing use.

55.     Defendant is liable for contributory infringement by having knowledge of the '244 patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, direct infringement of the '244 patent by its customers including, but not limited

to, resellers and end users of the iTero Element Scanner product.

56.     Specifically, Defendant contributes to infringement of the '244 patent by, *inter alia*, promotion, sales, and/or importation of the infringing iTero Element Scanner product to Defendant's customers including, but not limited to, resellers and end users for their use of the focus scanners claimed in the '244 patent.  Those customers directly infringe the '244 patent by making, using, selling, offering for sale, and/or importing the iTero Element Scanner product. For example, Defendant is liable for contributory infringement by having knowledge of the '244 patent and knowingly causing or intending to cause, and continuing to knowingly cause or intend to cause, end users of Defendant's iTero Element Scanner product including, but not limited to, dentists and technicians, to directly infringe the '244 patent by using Defendant's iTero Element Scanner product in the United States.

57.     Defendant's past and ongoing infringement of the '244 patent has and will continue to irreparably harm 3Shape.

58.     Defendant's past and ongoing infringement of the '244 patent has and will continue to cause 3Shape damages.

59.     Defendant's past and ongoing infringement of the '244 patent, upon information and belief, has been knowing and willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

A.      A judgment in favor of Plaintiff that Defendant has infringed the '244 patent, directly, jointly, and/or indirectly by way of inducing and/or contributing to the infringement of the '244 patent;

B.      An order of this Court permanently enjoining Defendant and its officers, directors, agents,  affiliates, employees, divisions, branches, subsidiaries, parents, and all others in active concert therewith from infringing, including inducing the infringement of, or contributing to the infringement of, the '244 patent;

C.      A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '244 patent, as provided under 35 U.S.C. § 284;

D.      A judgment and order requiring Defendant to pay treble damages as provided under 35 U.S.C. § 284;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Plaintiff its reasonable attorneys' fees; and

F.      Any and all other relief to which Plaintiff may show itself to be entitled and/or as the Court may deem just and proper.

Dated: May 8, 2018                           */s/ Geoffrey G. Grivner*
                                             Geoffrey Grivner (DE Bar No. 4711)
                                             BUCHANAN INGERSOLL
                                             & ROONEY PC
                                             919 North Market Street, Suite 1500
                                             Wilmington, DE  19801-1054
                                             Tel: (302) 552-4207
                                             Fax: (302) 552-4200
                                             geoffrey.grivner@bipc.com

                                             S. Lloyd Smith (pro hac pending)
                                             David W. H. Leibovitch (pro hac pending)
                                             Kimberly Coghill (pro hac pending)
                                             BUCHANAN INGERSOLL
                                             & ROONEY PC
                                             1737 King Street, Suite 500
                                             Alexandria, VA 22314-2727
                                             Tel: (703) 838-6514
                                             Fax: (703) 836-2021
                                             lloyd.smith@bipc.com
                                             david.leibovitch@bipc.com
                                             kimberly.coghill@bipc.com

                                             Philip L. Hirschhorn (pro hac pending)
                                             BUCHANAN INGERSOLL
                                             & ROONEY PC
                                             640 Fifth Avenue, 9th Floor
                                             New York, NY 10019-6102
                                             Tel: (212) 440-4470
                                             Fax: (212) 440-4401
                                             philip.hirschhorn@bipc.com

                                             *Attorneys for Plaintiff*
                                             *3Shape A/S*